1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    GS HOLISTIC, LLC,                     Case No.  22-cv-07101-LJC

8                    Plaintiff,

9            v.                            ORDER DENYING PLAINTIFF'S
                                           SECOND MOTION FOR EXTENSION
10   ASHES PLUS NINE, et al.,              OF TIME TO FILE AND PERFECT
                                           SERVICE UPON DEFENDANTS
11                   Defendants.           WITHOUT PREJUDICE

12                                         Re: Dkt. No. 16

13          Plaintiff GS Holistic, LLC filed its Complaint in this matter on November 11, 2022, and its

14   deadline to serve Defendants under Rule 4(m) of the Federal Rules of Civil Procedure was

15   February 9, 2023.  Dkt. 1.  On February 9, 2023, Plaintiff filed a Motion for Extension of Time to

16   File and Perfect Service Upon Defendants ("First Motion").  Dkt. 12.  On February 15, 2023, the

17   Court denied Plaintiff's First Motion without prejudice because Plaintiff had failed to comply with

18   Local Rule 6-3(a) and Fed. R. Civ. P. 4(m).  Dkt. 15.  In particular, Local Rule 6-3(a) requires that

19   a motion for an extension of time be accompanied by a declaration that, among other things,

20   "[s]ets forth with particularity the reasons for the requested enlargement or shortening of time[.]"

21          Plaintiff's First Motion lacked a supporting declaration, attesting to the reasons that an

22   extension of time was necessary, though the motion itself provided an unsworn explanation.  Dkt.

23   12.  In its February 15, 2023 Order denying Plaintiff's First Motion without prejudice, the Court

24   gave Plaintiff seven days to refile its motion for extension of time in compliance with the local

25   rules and showing good cause for its failure to effectuate timely service.  Dkt. 15.

26          Plaintiff timely filed another Motion for Extension of Time to File and Perfect Service

27

28

United States District Court
Northern District of California

1   Upon Defendants ("Second Motion")[1] on February 22, 2023.  Dkt. 16.  The Second Motion

2   attaches a "Local Rule 6-3(a) Declaration," whereby the "Plaintiff, GS HOLISTIC, LLC

3   (hereinafter referred to as 'GS'), by and through its undersigned counsel, hereby makes the

4   following declarations…"  Dkt. 16-2.

5          28 U.S.C. § 1746 sets forth the required form for unsworn declarations under penalty of

6   perjury.  It provides that:

7          Wherever, under any law of the United States or under any rule, regulation, order, or
       requirement made pursuant to law, any matter is required or permitted to be supported,
8      evidenced, established, or proved by the sworn declaration, verification, certificate,
       statement, oath, or affidavit, in writing of the person making the same…such matter may,
9      with like force and effect, be supported, evidenced, established, or proved by the unsworn
       declaration, certificate, verification, or statement, in writing of such person which is
10     subscribed by him, as true under penalty of perjury, and dated, in substantially the
       following form:
11

12     …
       (2) If executed within the United States, its territories, possessions, or commonwealths: "I
13     declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and
       correct. Executed on (date).
14     (Signature)".

15

16  Id.  Plaintiff's "Local Rule 6-3(a) Declaration" does not contain any language declaring under

17  penalty of perjury the truthfulness of the facts contained within.  See Judge Virginia A. Phillips et

18  al., Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial ¶ 12:50 (Cal. & 9th Cir. eds. 2022)

19  (addressing requirements for wording of declaration).  Instead, the declaration includes only a

20  Certificate of Service, which was already certified by Plaintiff's counsel in Plaintiff's Second

21  Motion.  Dkt. 16.  Moreover, the declaration was not made by a "person," as contemplated by 28

22  U.S.C. § 1746, but by Plaintiff (a corporate entity) by and through its undersigned counsel.  Dkt.

23  16-2.  This is in violation of the local rules and the Federal Rules of Civil Procedure.  See L.R. 7-5

24  (declarations and affidavits must comply with the requirements of Rules 56(c) and (e) of the

25  Federal Rules of Civil Procedure).

26  _____

27  [1] Plaintiff describes the present motion as "First MOTION for Extension of Time to File and
    Perfect Service Upon Defendants."  Dkt. 16.  However, given that this is Plaintiff's second motion
28  filed after the Court denied Plaintiff's First Motion without prejudice, Dkt. 15, the Court refers to
    the present motion as Plaintiff's "Second Motion."

1    Plaintiff's supporting declaration does not identify an individual declarant, it does not state

2  that the facts alleged are made on the basis of any individual declarant's personal knowledge, nor

3  does it state whether any individual declarant would be competent to testify on the matters stated

4  within.  Dkt. 16-2.

5    Therefore, Plaintiff's declaration does not comply with 28 U.S.C. § 1746, L.R. 7-5, or Fed.

6  R. Civ. P. 56(c), (e).  Accordingly, Plaintiff's Second Motion is DENIED without prejudice.  Dkt.

7  16.

8    Within seven days from the date of this order, the Court once again will allow Plaintiff to

9  refile its motion for an extension of time to serve Defendants, including the individual Defendant

10 Alreyashi.  Once Plaintiff's motion complies with all applicable local rules and shows good cause

11 for its failure to effectuate timely service, then the Court may "extend the time for service for an

12 appropriate period."  Fed. R. Civ. P. 4(m).

13    **IT IS SO ORDERED.**

14 Dated: March 1, 2023

15

16

17 LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3