UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ASHES PLUS NINE, et al.,<br><br>  Defendants. | Case No.  22-cv-07101-LJC<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE CASE MANAGEMENT STATEMENT AS MOOT AND GRANTING THIRD MOTION FOR EXTENSION OF TIME TO FILE AND PERFECT SERVICE UPON DEFENDANTS**<br><br>Re: Dkt. Nos. 13, 19 |

Pending before the Court is Plaintiff GS Holistic, LLC's Motion for Extension of Time to File Case Management Statement, Dkt. 13, and Third Motion for Extension of Time to File and Perfect Service Upon Defendants (Third Motion). Dkt. 19.  Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had ninety days from the filing of its Complaint to serve summons on Defendants.  Fed. R. Civ. P. 4(m).  Plaintiff filed its Complaint on November 11, 2022, which gave it until February 9, 2023, to timely effectuate service.  Dkt. 1.

On the day of Plaintiff's deadline, February 9, 2023, Plaintiff filed its First Motion for Extension of Time to File and Perfect Service Upon Defendants (First Motion), Dkt. 12, which the Court denied without prejudice in part for Plaintiff's failure to comply with Local Rule 6-3(a).  Dkt. 15.  Plaintiff filed its Second Motion for Extension of Time to File and Perfect Service Upon Defendants (Second Motion) on February 22, 2023, Dkt. 16, and the Court again denied without prejudice for Plaintiff's failure to fully comply with all applicable local rules as to motion practice in this District.  Dkt. 17.

Now, in its Third Motion, Plaintiff requests an order from the Court granting an extension of thirty days from February 9, 2023, in which to perfect service upon the Defendants.  Dkt. 19.

In support of this request, Plaintiff submits a declaration from its counsel which claims that: "Due to a turnover in staff, documents related to the issuance of the summons and service of process were not saved to the Plaintiff corporate counsel's computer program in enough time to serve the Defendants prior to the ninety days deadline. As soon as the undersigned Plaintiff's counsel became aware of this oversight on February 9, 2023, Plaintiff's counsel requested service from a process server on each defendant[]." Dkt. 19-1. Plaintiff's counsel goes on to state that Defendant Ashes Plus Nine was served on February 14, 2023, and Defendant Gaizan N Alreyashi was served on February 22, 2023. Id.

If a plaintiff fails to serve a defendant within ninety days, but "shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause" may be established by demonstrating, "at a minimum, excusable neglect." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). Here, Plaintiff's counsel's inadvertent failure to save the documents related to the summons and service of process onto his computer program does not constitute good cause or excusable neglect under Fed. R. Civ. P. 4(m). See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (holding that counsel's oversight in calendaring the deadline for effectuating service imposed by Rule 4 of the Federal Rules of Civil Procedure did not qualify as good cause). "The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." Id. A "turnover in staff" does not excuse Plaintiff and its attorney from the responsibility of timely serving Defendants in this matter.

"In the absence of a showing of good cause, the Court's discretion to extend the time for service or to dismiss the action without prejudice 'is broad.'" Lawrence v. City & Cnty. of San Francisco, No. 14-CV-00820-MEJ, 2016 WL 5869760, at *4 (N.D. Cal. Oct. 7, 2016) (quoting In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)). Factors which the Court may consider in making extension decisions under Rule 4(m) include "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir.1998)).

Both Defendants have already been served in this matter. See Dkt. 14, 18, 19-1. The

Court is not aware of any prejudice to Defendants that would result from granting Plaintiff's request for an extension. The Court is also cognizant of the fact that dismissing the case now would require Plaintiff to incur additional expenses in re-filing its case and re-serving Defendants. Accordingly, the Court will **GRANT** Plaintiff's Third Motion for an Extension of Time to File and Perfect Service Upon Defendants. Dkt. 19. Plaintiff's new service period will run until March 13, 2023. As a result, the service of process already completed for both Defendants is considered timely.

In its February 15, 2023 Order denying Plaintiff's First Motion, the Court deferred ruling on Plaintiff's Motion for an Extension of Time to File Case Management Statement, Dkt. 13, until the issue of timely service on Defendants was resolved. Dkt. 15. The Court also vacated the Case Management Conference set for February 16, 2023. Id.

Because there is currently no Case Management Conference scheduled, Plaintiff's Motion for an Extension of Time to File Case Management Statement is **DENIED AS MOOT**. Dkt. 13. The Court will set an Initial Case Management Conference in this matter for April 27, 2023, at 1:30 pm via Zoom. The Case Management Statement will be due April 20, 2023.

**IT IS SO ORDERED.**

Dated: March 10, 2023

LISA J. CISNEROS
United States Magistrate Judge