UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ASHES PLUS NINE, et al.,<br><br>    Defendants. | Case No. 22-cv-07101-LJC<br><br>**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR LEAVE TO FILE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Re: ECF No. 40 |

In connection with Plaintiff GS Holistic, LLC's (GS Holistic) Motion for Default Judgment by the Court as to All Defendants (Motion for Default Judgment) (ECF No. 32), the Court issued a Notice Re: Default Judgment Procedure (ECF No. 33), ordering GS Holistic to file proposed findings of fact and conclusions of law by the Civil Local Rule 7-3(c) reply deadline, should Defendants Ashes Plus Nine d/b/a Smoke Shop Ashes and Gaizan N. Alreyashi fail to file an opposition to the Motion for Default Judgment. Id. at 1.[1]

GS Holistic was required to file its proposed findings of fact and conclusions of law by June 20, 2023. Id. On June 21, 2023, GS Holistic filed its First Motion for Leave to File Proposed Findings of Fact and Conclusions of Law one day after the deadline. ECF No. 37. The Court denied the motion without prejudice because of GS Holistic's failure to attach a supporting declaration as required by Local Rule 6-3. ECF No. 39. The Court gave GS Holistic another opportunity to refile by June 29, 2023. Id.

Now before the Court is GS Holistic's Second Motion for Leave to File Proposed Findings of Fact and Conclusions of Law. ECF No. 40. Although GS Holistic did attach a declaration

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

1    purportedly from its counsel (ECF No. 40-3), the declaration is deficient.  The Court has

2    previously instructed GS Holistic and its counsel regarding the requirements for unsworn

3    declarations in support of motions to enlarge or shorten time under Local Rule 6-3.  See ECF No.

4    17 at 2-3.  In particular, such declarations must contain language declaring under penalty of

5    perjury the truthfulness of the facts contained within.  Id. at 2 (citing 28 U.S.C. § 1746; Judge

6    Virginia A. Phillips et al., Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial ¶ 12:50 (Cal. &

7    9th Cir. eds. 2022) (addressing requirements for wording of declaration)).

8          Moreover, the declaration must be made and signed by the individual declarant.  Id. (citing

9    L.R. 7-5 (declarations and affidavits must comply with the requirements of Rule 56(c) and (e) of

10   the Federal Rules of Civil Procedure)).  Counsel's declaration in support of GS Holistic's Second

11   Motion for Leave to File Proposed Findings of Fact and Conclusions of Law is not signed.  ECF

12   No. 40-3.  Instead, it only contains a Certificate of Service signed by counsel certifying that the

13   document was electronically filed with the Clerk of the Court using CM/ECF to serve on all

14   counsel of record.  Id.  Local Rule 5-1 provides that "[a] document electronically filed with the

15   Court shall be deemed to be signed by the person ('Signatory') when the document identifies the

16   person as a Signatory," and if the Signatory is an ECF user, the "document is filed using the user

17   ID and password of the Signatory."  L.R. 5-1(h)(1)-(2).  Although counsel for GS Holistic filed

18   the declaration using his ECF credentials, the declaration does not include a signature block or an

19   e-signature to identify him as the Signatory.

20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

By July 7, 2023, GS Holistic and its counsel shall refile its motion requesting leave to file its proposed findings of fact and conclusions of law after the original Local Rule 7-3(c) reply deadline.  In addition to attaching a declaration in support of that motion which addresses the deficiencies identified by the Court, counsel for GS Holistic shall also file a separate declaration under oath, attesting that he has personally reviewed all applicable local and federal rules governing motions to enlarge or shorten time, including Local Rules 5-1, 6-3 and 7-5, Federal Rule of Civil Procedure 56(c) and (e), and 28 U.S.C. § 1746.

**IT IS SO ORDERED.**

Dated: June 30, 2023

LISA J. CISNEROS
United States Magistrate Judge

3