UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GS HOLISTIC, LLC, | Case No. 22-cv-07101-YGR   (LJC) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY MOTION FOR DEFAULT JUDGMENT SHOULD NOT BE DENIED** |
| ASHES PLUS NINE, et al., | |
| Defendants. | Re: ECF No. 57 |

The Court has referred Plaintiff GS Holistic, LLC's (GS Holistic) amended Motion for Default Judgment (ECF No. 57) to the undersigned magistrate judge for a report and recommendation. The undersigned has identified potential deficiencies in the service of process completed on Defendants Ashes Plus Nine d/b/a Smoke Shop Ashes (Ashes Plus Nine) and Gaizan N Alreyashi, in the merits of GS Holistic's substantive claims and the sufficiency of the Complaint, and in the relief sought by GS Holistic. For the reasons discussed below, GS Holistic is **ORDERED TO SHOW CAUSE** why the amended Motion for Default Judgment should not be denied, by filing a supplemental brief and accompanying evidence addressing the issues noted in this Order no later than May 29, 2024. After GS Holistic files its response, the undersigned will issue a report and recommendation regarding the disposition of GS Holistic's amended Motion for Default Judgment.

## I.    BACKGROUND

The undersigned previously summarized the events giving rise to GS Holistic's claims in her Order for Reassignment to a District Judge and Report and Recommendation Re: Motion for Default Judgment (hereinafter, First Report and Recommendation), dated August 25, 2023, and

United States District Court
Northern District of California

incorporates that background by reference here.  *See* ECF No. 45 at 2.[1]  The First Report and Recommendation recommended that GS Holistic's original Motion for Default Judgment (ECF No. 32) be denied on several grounds: (1) The record showed several deficiencies as to the service of process completed on both Defendants; (2) GS Holistic failed to demonstrate that *Eitel* factors two and three, which concern the merits of its substantive claims and the sufficiency of the Complaint, supported entry of default judgment against Defendants; and (3) GS Holistic's requests for statutory damages, costs, a permanent injunction, and other equitable relief were inadequately supported by the evidence.  *Id.* at 4–12.

The case was subsequently reassigned to Judge Yvonne Gonzalez Rogers.  ECF No. 46. GS Holistic filed a response to the First Report and Recommendation on September 8, 2023.  ECF No. 49.  It requested, if the Court was inclined to deny the original Motion for Default Judgment, that the denial be without prejudice and that GS Holistic be allowed to file an amended motion curing the deficiencies addressed in the First Report and Recommendation.  *Id.* at 2.  On September 21, 2023, the Court adopted the First Report and Recommendation, denied the First Motion for Default Judgment without prejudice, and granted GS Holistic's request to file an amended motion for default judgment.  ECF No. 50.

On November 3, 2023, GS Holistic filed an Amended Proof of Service as to Defendant Ashes Plus Nine.  ECF No. 52.  The Amended Proof of Service includes a Declaration of Reasonable Diligence from the process server, dated February 14, 2023 (the date service was originally completed on Ashes Plus Nine), which was not included with the first Proof of Service. *Id.* at 4.  GS Holistic filed a Motion for Entry of Default as to Ashes Plus Nine on December 8, 2023, and the Clerk entered default against Ashes Plus Nine on December 11, 2023.  ECF Nos. 54, 55.  GS Holistic filed its amended Motion for Default Judgment on December 15, 2023, which was referred to the undersigned on February 16, 2024.  ECF Nos. 57, 63.

## II.     DISCUSSION

Motions for default judgment generally fall within the discretion of the district court, as

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

2

1   guided by the factors that the Ninth Circuit identified in *Eitel v. McCool*, 782 F.2d 1470, 1471–72

2   (9th Cir. 1986).  The undersigned will address those factors and other relevant considerations in

3   more detail in a report and recommendation following GS Holistic's response.  This Order to

4   Show Cause turns specifically on the deficiencies identified by the undersigned in the First Report

5   and Recommendation with respect to: (1) the service of process completed on both Defendants;

6   (2) *Eitel* factors two and three; and (3) GS Holistic's request for statutory damages, costs, a

7   permanent injunction, and other equitable relief.

8          **A.      Service of Process**

9          The First Report and Recommendation found that service of process as to both Defendants

10   was deficient in part because the address where service was completed is different than the address

11   listed for Ashes Plus Nine and Defendant Gaizan N. Alreyashi with the California Secretary of

12   State.  ECF No. 45 at 5.  The Proofs of Service listed their address as "2317 Stevens Creek Blvd,

13   Unit 10, San Jose, CA 95128," while the California Secretary of State's website lists their address

14   as "2319 Stevens Creek Blvd, San Jose, CA 95128."  *Id.*  In support of its amended Motion for

15   Default Judgment, GS Holistic has attached screenshots from Google Maps showing Ashes Plus

16   Nine's business address as 2317 Stevens Creek Blvd, Unit 10, while 2319 Stevens Creek Blvd is

17   shown as belonging to "Xtreme Wheels N Deals," a tire repair shop.  ECF No. 57-2.  The

18   screenshots show that the two addresses are associated with a shopping center where several

19   businesses are located.  *See id.*  GS Holistic also points to the process server's Declaration of

20   Reasonable Diligence in Mr. Alreyashi's Proof of Service.  ECF No. 18.  The process server states

21   that he spoke to an individual at 2317 Stevens Creek Blvd, Unit 10, who told him that they were

22   Mr. Alreyashi's employee, and that Mr. Alreyashi resided there but was not available at that time.

23   *Id.* at 4.

24          As an initial matter, GS Holistic has not properly authenticated the Google Maps

25   screenshots pursuant to Federal Rule of Evidence 901.[2]  Authentication requires "evidence

26   _____

27   [2] GS Holistic is not exempt from compliance with admissibility standards (as set forth in the
     Federal Rules of Evidence) as to evidentiary exhibits it wishes the Court to consider in support of

28   its amended Motion for Default Judgment, notwithstanding the fact that Defendants have not
     appeared to oppose the motion and object to the evidence.  *See Love v. Kim*, No.

*United States District Court*
*Northern District of California*

sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).  "Information from the Internet does not necessarily bear an indicia of reliability and therefore must be properly authenticated by affidavit."  *In re Easysaver Rewards Litig.*, 737 F.Supp.2d 1159, 1168 (S.D. Cal. 2010); *In re Homestore.com, Inc. Securities Litig.*, 347 F.Supp.2d 769, 782–83 (C.D. Cal. 2004) (holding that "[p]rintouts from a web site [sic] do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902[ ]" and thus were improperly authenticated when unsupported by a declaration by someone with personal knowledge, even when the printouts bore a "URL address and date stamp.").  Here, there is no declaration indicating who took the screenshots, "when or how they did so, or on what basis they can be sure that the printouts accurately reflect the contents" of the Google Maps website.  *X17, Inc. v. Lavandeira*, No. CV06-7608-VBF(JCX), 2007 WL 790061, at *2 (C.D. Cal. Mar. 8, 2007).

Nor did GS Holistic request that the Court take judicial notice of Google Maps as a "source[] whose accuracy cannot reasonably be questioned" pursuant to Federal Rule of Evidence 201(b).  Even if GS Holistic had made such a request, it is unclear whether the Court can take judicial notice of the information available on Google Maps for the purpose that GS Holistic presents it here.  Courts in the Ninth Circuit have taken judicial notice of Google Maps and its satellite images "as to the distance of between [] two points."  *Brockman v. Cnty. of San Diego*, No. 22-CV-0512-GPC-BLM, 2022 WL 15524598, at *6 (S.D. Cal. Oct. 27, 2022) (citing *McCormack v. Hiedeman*, 694 F.3d 1004, 1008, n.1 (9th Cir. 2012) (taking judicial notice of a Google Maps image showing that the distance from Bannock County, Idaho to Salt Lake City, Utah is about 138 miles)); *see also United States v. Perea-Rey*, 680 F.3d 1179, 1182 (9th Cir. 2012) (taking judicial notice of a Google Maps image showing "the general location of the home" in question).  This is different, however, from taking judicial notice of information available in

---

EDCV181338FMOPLAX, 2018 WL 6252429, at *2 (C.D. Cal. Aug. 20, 2018) ("The court…has a duty to thoroughly review all default judgment applications to ensure that the evidence upon which a plaintiff relies is sufficient"); *Eitel*, 782 F.2d at 1472 (refusal to enter default judgment within the district court's discretion when there are reservations about the substantive merits of a claim).

United States District Court
Northern District of California

1  Google Maps as to what businesses may be associated with any given address.

2    Notably, GS Holistic has also filed a Statement of Information from the California

3  Secretary of State confirming that the address on file for Ashes Plus Nine is the 2319 Stevens

4  Creek Blvd address.  ECF No. 57-1.  Even if the Court were to consider the Google Maps

5  screenshots as proper evidence submitted in support of the amended Motion for Default Judgment,

6  there is clearly an inconsistency in the record as to which entity has the correct address for Ashes

7  Plus Nine and Mr. Alreyashi, the California Secretary of State or Google.  GS Holistic assumes

8  that Google has the correct address.  But it provides no evidence in support of that assumption.

9  GS Holistic points to the process server's Declaration of Reasonable Diligence in the Proof of

10  Service for Mr. Alreyashi.  ECF No. 18 at 4.  According to the process server, during his attempts

11  to serve Mr. Alreyashi at 2317 Stevens Creek Blvd, Unit 10, he spoke to an individual who told

12  him that they were an employee and that Mr. Alreyashi resided there but was not available at the

13  time.  *See id.*  The Declaration of Reasonable Diligence, however, does not identify the employee

14  by name.  So, the fact that an unidentified individual at 2317 Stevens Creek Blvd, Unit 10 claimed

15  to be Mr. Alreyashi's employee, and claimed that Mr. Alreyashi "resided there," does not persuade

16  the Court that it should accept this address over the 2319 Stevens Creek Blvd address.  *See*

17  *Johnson v. Tirone & Tuan Invs., Inc.*, No. 21-CV-08370-SVK, 2022 WL 17178303, at *3 (N.D.

18  Cal. Nov. 23, 2022) (denying motion for default judgment where "[b]ased on the record before the

19  [c]ourt, including the proof of service stating that the summons and complaint were left with an

20  unidentified 'John Doe' at an unidentified business at an address where it appears several

21  businesses are located, the [c]ourt cannot conclude that service of [the d]efendant was proper.")

22    Moreover, there are also several deficiencies with the Amended Proof of Service GS

23  Holistic filed as to Ashes Plus Nine.  ECF No. 52.  GS Holistic claims that the original Proof of

24  Service incorrectly provided that Mr. Alreyashi was personally served as Ashes Plus Nine's

25  registered agent, when in actuality, he was served via substituted service "on his place of business

26  by leaving Summons and the Complaint to Mohammed Almar who was the person authorized to

27  accept."  ECF No. 57 at 13.  Like the other Proofs of Service, the Amended Proof of Service lists

28  the 2317 Stevens Creek Blvd, Unit 10 address as the address where personal service on Mr.

Alreyashi was attempted.  ECF No. 52 at 1.  As explained above, GS Holistic has not provided sufficient evidence to establish this is the correct address for Ashes Plus Nine and Mr. Alreyashi.  In addition, the Amended Proof of Service for Ashes Plus Nine says that the process server delivered the documents to Mohammed Almar, "who indicated they were the Person Authorized to Accept with identity confirmed by subject stating their name."  *Id.*  However, this is inconsistent with the process server's accompanying Declaration of Reasonable Diligence, dated February 14, 2023 (the date Ashes Plus Nine was originally served), which notably, is almost nine months before the Amended Proof of Service was filed.  *Id.* at 4.  The Declaration of Reasonable Diligence indicates that process server "spoke with an individual who refused to give their name who indicated they were the employee and they stated subject resides but not available at this time."  *Id.* at 4.  GS Holistic does not address this internal inconsistency as to the Amended Proof of Service in its amended Motion for Default Judgment.

### B.   Merits of GS Holistic's Substantive Claims and the Sufficiency of the Complaint

The First Report and Recommendation also found that the Complaint's allegations in support of the trademark infringement and false designation of origin and unfair competition claims were insufficient in part because GS Holistic relied "only on one instance in October 2022 where its undercover investigator purchased one single pink glass infuser from Ashes Plus Nine with a 'Stündenglass Mark' affixed to it…"  ECF No. 45 at 7 (citing ECF No. 1 (Compl.) ¶¶ 21, 30).  GS Holistic did not specify in the Complaint which of its three registered Stündenglass trademarks was affixed to the counterfeit infuser.  In addition, the Complaint alleges that "[u]pon receipt, images *and/or* the physical unit of the product purchased from [Ashes Plus Nine] were inspected by [GS Holistic's] agent to determine its authenticity."  Compl. ¶ 31 (emphasis added).  The First Report and Recommendation highlighted this ambiguity as to whether GS Holistic's agent physically inspected the infuser or just viewed images of it before confirming that it was a counterfeit good containing the Stündenglass trademark(s).  ECF No. 45 at 7.

GS Holistic argues that the reference to a single trademark in Paragraphs 30 and 31 of the Complaint was a "scrivener's error" and that reading the Complaint as a whole confirms that GS

United States District Court
Northern District of California

1     Holistic alleges infringement of all three of its trademarks.  ECF No. 57 at 17.  Notably, GS

2     Holistic has not filed an amended complaint to fix this error.  But even if the Court accepts as true

3     that the counterfeit infuser had all three of GS Holistic's trademarks on it, that does not change the

4     fact that the October 2022 sale is just one instance of a counterfeit product bought from Ashes

5     Plus Nine.  The Complaint does not otherwise allege when Defendants began selling GS Holistic's

6     counterfeit products or provide any other details about the scope of their allegedly infringing

7     actions.  GS Holistic does not address this issue in its amended Motion for Default Judgment.

8         GS Holistic did, however, attach photographs of the counterfeit infuser itself as well as

9     photographs of an unidentified individual alongside the infuser at what appears to be a smoke

10    shop.  *See* ECF No. 57-4.  It notes only that these are "pictures of [the] infringing product

11    purchased from the Defendant store."  ECF No. 57 at 18.  As with the Google Maps screenshots,

12    GS Holistic has not authenticated the images pursuant to Federal Rule of Evidence 901.  It has not

13    provided a declaration under penalty of perjury from the individual that took the photographs

14    establishing when and where they were taken and describing who and what is pictured in the

15    photographs.  *See Langer v. Mobeeus, Inc.*, No. CV 19-2680-DMG (JCX), 2021 WL 1657016, at

16    *1 (C.D. Cal. Feb. 3, 2021) (sustaining the defendant's objection to photographs of its store

17    purportedly taken by a former investigator of plaintiff's counsel—and submitted in support of

18    plaintiff's motion for summary judgment—where the declaration from counsel "fail[ed] to show

19    counsel's personal knowledge of the photos…and thus fail[ed] to lay a foundation to authenticate

20    them.").  GS Holistic never even specifies whether the investigator who purchased the allegedly

21    counterfeit product is the individual that took the photographs.  Nor does it specify who these

22    photographs were sent to and how the investigator (or any other GS Holistic agent or employee)

23    ultimately confirmed that the product had affixed to it GS Holistic's Stündenglass trademarks.

24        Finally, the First Report and Recommendation found that GS Holistic's allegations

25    regarding Mr. Alreyashi's ownership and control of Ashes Plus Nine were conclusory and lacking

26    in detail.  ECF No. 45 at 8.  In its amended Motion for Default Judgment, GS Holistic emphasizes

27    that Mr. Alreyashi is Ashes Plus Nine's only officer and director and that his positions on the

28    Statement of Information filed with the California Secretary of State are listed as "Chief Executive

Officer, Chief Financial Officer, Secretary." ECF No. 57 at 9–10 (citing ECF No. 57-1). However, "[t]he fact that [Mr. Alreyashi] is an owner, officer, or managing agent of [Ashes Plus Nine], standing alone, does not make [him] liable for the wrongful conduct of the corporation because the case law requires active, guiding participation." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSX), 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (granting motion to dismiss trade dress infringement, patent infringement, and unfair competition law claims against individual defendant where the complaint's "conclusory pleading [was] insufficient to state a claim for relief."). GS Holistic has alleged no facts as to how Mr. Alreyashi "direct[ed], controll[ed], ratif[ied], participat[ed] in, or [was] the moving force behind" the infringement of its Stündenglass trademarks. *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg.*, No. C-92-3330 DLJ, 1995 WL 552168, at *6 (N.D. Cal. Aug. 30, 1995); *see also Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV 09-07849 RZ, 2011 WL 5387075, at *4 (C.D. Cal. Oct. 28, 2011) (stating that "[a]n individual who personally directs a corporation in committing trademark infringement, or who personally commits those acts, is personally liable for that infringement" and that "[t]his is particularly true when a single individual is the corporation's sole shareholder, sole officer, and sole manager, *and* performs the infringing acts himself") (emphasis added).

### C.     Relief Sought

#### 1.     Damages

The First Report and Recommendation found that two affidavits from GS Holistic's Owner and CEO, Chris Folkerts, submitted in support of GS Holistic's request for statutory damages, were "equally as insufficient as the allegations in the Complaint." ECF No. 45 at 10. They were full of conclusory statements, and Mr. Folkerts focused extensively on the general sale of counterfeit Stündenglass products, and not on damages caused specifically by Defendants' allegedly infringing actions. *Id.* Mr. Folkerts also proffered a "market share" theory, with estimates as to how much GS Holistic's 2021 sales would have been had the market not been impacted by counterfeit goods but did not provide any detail on the "research" done in support of this theory, or how he ultimately arrived at the numbers presented in his affidavit. *Id.* Finally, the

First Report and Recommendation also found that GS Holistic's request for $150,000 in statutory damages was disproportionate to the Complaint's allegation of only one sale of a single counterfeit Stündenglass infuser at a price of $400. *Id.* at 10–11. Thus, GS Holistic failed to meet its burden of proving statutory damages. *Id.*

GS Holistic did not address any of these findings in its amended Motion for Default Judgment. Instead, it attaches two new affidavits from Mr. Folkerts which are only slightly different than the previous affidavits. The new "Affidavit as to Damages" contains slightly more detail as to GS Holistic's sale of Stündenglass products, but also focuses extensively on the general sale of counterfeit infusers and not on any specific activities undertaken by Defendants. *Compare* ECF No. 57-7 *with* ECF No. 32-3. In the new "Affidavit as to Value of Damages," Mr. Folkerts notes that GS Holistic's investigators have visited a total of 4,781 stores around the country and purchased 973 counterfeit Stündenglass products. *See* ECF No. 57-8, ¶ 10. He also claims that GS Holistic's 2022 sales were approximately $10,800,000.00, and that based on information Mr. Folkerts received from GS Holistic's "economic expert," the "water pipes industry is currently projected to experience an annual growth rate of 18%, between 2024 and 2034." *Id.* ¶¶ 12–13. According to Mr. Folkerts, "if the market had not been impacted by the flood of inferior, mass-produced fake Stündenglass products, [GS Holistic's] 2022 sales would have been approximately $45,300,000.00." *Id.* ¶ 14.

But the fact that GS Holistic's investigators have visited 4,781 stores and purchased 973 counterfeit Stündenglass products is not relevant to damages caused by Defendants and their specific infringing actions. *See GS Holistic, LLC v. Puff N Go Gift Shop LLC*, No. 22-CV-07634-VKD, 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023), *report and recommendation adopted*, No. 5:22-CV-07634-EJD, 2023 WL 6933625 (N.D. Cal. Aug. 23, 2023) ("[GS Holistic] offers no persuasive argument or authority that defendants appropriately may be held accountable for the alleged trademark violations of other retailers in the marketplace."). "In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014). "While a

1    plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a

2    deterrent, it is not entitled to a windfall." *Id.*    GS Holistic has failed to address in its amended

3    Motion for Default Judgment how the request for $150,000 in statutory damages is not

4    disproportionate to the Complaint's allegation of only one sale by Defendants of a fake

5    Stüdenglass product at $400. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC,

6    2023 WL 3604322, at *5 (N.D. Cal. May 22, 2023) ("[C]ourts may consider deterrence, but must

7    base a damages award on the particular defendant's violation.")

8         Moreover, even if the Court were to accept that information about all counterfeit

9    Stündenglass products in the marketplace was somewhat relevant to GS Holistic's damages award

10    in this case, Mr. Folkerts again did not provide any detail as to how he calculated what GS

11    Holistic's 2022 sales would have been without the existence of any counterfeit Stündenglass

12    products. Mr. Folkerts indicates that he is basing this information on his "industry knowledge,"

13    but this is a vague term that does not shed any light on how GS Holistic arrived at the numbers

14    Mr. Folkerts is presenting to the Court through his affidavit. *See* Civ. L.R. 7-5(b) ("An affidavit

15    or declaration may contain only facts … and must avoid conclusions and argument. Any

16    statement made upon information or belief must specify the basis therefor.") He also mentions GS

17    Holistic's "economic expert" as to industry growth projections but does not clarify whether this

18    economic expert also provided him with the sales data in the affidavit. Notably, GS Holistic has

19    not included an affidavit or declaration from this "economic expert" in support of its damages

20    request. As with the original "Affidavit as to Value of Damages," this new affidavit is mostly

21    conclusory statements lacking factual support.

22        **D.**      **Costs of Litigation**

23         The First Report and Recommendation found that "pre-suit investigation costs are not

24    appropriate 'costs of the action' under [15 U.S.C.] § 1117(a)." ECF No. 45 at 11 (quoting *GS*

25    *Holistic LLC, v. Puff N Go Gift Shop LLC, et al.*, No. 22-CV-07634-VKD, 2023 WL 4146232, at

26    *6 (N.D. Cal. June 22, 2023), *report and recommendation adopted*, No. 22-CV-07634-EJD (N.D.

27    Cal. Aug. 23, 2023)); *see also GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023

28    WL 3604322, at *6 (N.D. Cal. May 22, 2023) ("Plaintiff does not cite any authority for shifting

the cost of pre-suit investigation to Defendants.  The plain language 'the costs of the action,' 15

U.S.C. § 1117(a), is limited to costs incurred after 'the action'—the court case—has begun.").  GS

Holistic does not address this finding in its amended Motion for Default Judgment.  Instead, GS

Holistic renews its request for "investigation fees" in the amount of $465.00 (ECF No. 57 at 23)

but cites to no case law awarding pre-suit investigation costs under Section 1117(a).

### E.     Destruction of Infringing Products

Finally, GS Holistic requests that the Court enter a destruction order under 15 U.S.C.

§ 1118, requiring the Defendants, at their cost, to deliver to GS Holistic for destruction all

"products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and

other material in their possession, custody or control bearing any of the Stündenglass trademarks."

ECF No. 57 at 27.  GS Holistic requested similar relief in its original Motion for Default

Judgment, but the First Report and Recommendation found that it proffered no argument or

evidence in support of this request.  ECF No. 45 at 12.  GS Holistic does not address this finding

in the amended Motion for Default Judgment, and instead, renews its request for a destruction

order again without any supporting evidence or case law.

## III.   CONCLUSION

For the reasons discussed above, GS Holistic is **ORDERED TO SHOW CAUSE** why its

amended Motion for Default Judgment should not be denied as to Defendants Ashes Plus Nine

and Gaizan N. Alreyashi for defective service and certain deficiencies identified in this Order as to

the merits of GS Holistic's substantive claims, the sufficiency of the Complaint, and in the relief

sought by GS Holistic.  GS Holistic should file its response to this Order no later than May 29,

2024.

**IT IS SO ORDERED.**

Dated: May 15, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California